IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARNELL CRUTCHER,<br><br>                  Defendant. | 1:15-cr-146-1-WSD |

### OPINION AND ORDER

This matter is before the Court on Defendant Darnell Crutcher's ("Defendant") Motion to Sever Defendants [98].

### I.  BACKGROUND

Defendant, and four codefendants, are charged with conspiracy to commit bank fraud (Count 1), five (5) counts of bank fraud (Counts 2-6), and five (5) counts of aggravated identify theft (Counts 7-11). (Indictment [1]).[1] The Indictment alleges that Defendant and his codefendants, without the knowledge or consent of the true account holders, obtained personal information and bank account information relating to home equity lines of credit and personal bank accounts at JP Morgan Chase Bank and Credit Union of Southern California,

---

[1] Crutcher is the only defendant charged in all eleven counts of the Indictment.

which are both insured by the Federal Deposit Insurance Corporation.  (Id. ¶ 3).  Defendants allegedly used the information to impersonate the true account holders, either in person or over the telephone, in order to withdraw cash from the compromised bank accounts, or transfer funds from the compromised bank accounts to other bank accounts ultimately controlled by one of the coconspirators.  (Id. ¶ 4).

In his Motion to Sever, Defendant argues that, under Bruton v. United States, 391 U.S. 123 (1968), his trial should be severed from the trial of his codefendants because certain of his codefendants may have given statements that incriminate him.

## II. DISCUSSION

The Confrontation Clause of the Sixth Amendment guarantees a defendant the right "to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  In Bruton v. United States, the Supreme Court held that admission of a codefendant's statement, which on its face inculpated the defendant at their joint trial, violated the Confrontation Clause despite the court's limiting instruction.  Bruton v. United States, 391 U.S. 123, 125-26 (1968).  "Only those statements made by a non-testifying defendant which directly inculpate a codefendant give rise to a constitutional violation."  United States v. Veltmann, 6 F.3d 1483, 1500

(11th Cir. 1993).  Bruton does not apply, however, and there is no constitutional violation when the statement of a non-testifying codefendant is admitted with a proper limiting instruction and when the defendant's name and any reference to him are redacted.  See Richardson v. Marsh, 481 U.S. 200, 208 (1987).

Here, although Defendant argues that he "is aware that some of [his] codefendants have given statements which directly or indirectly incriminate Mr. Crutcher," Defendant fails to identify the statements he contends incriminate him. (Mot. to Sever at 2).  In its Response, the Government asserts that "the only remaining co-defendant statement the Government would seek to introduce at trial is that of Willie Hubbard, specifically, Hubbard's statement to Secret Service agents on October 31, 2013."  (Resp. [118] at 3).[2]  It appears that Hubbard's statements concern Hubbard's business relationship with Defendant and other coconspirators.  The Government contends that Hubbard's statement "may be redacted to eliminate Crutcher's name and any reference to him, thereby eliminating any Bruton issue."  (Id.).  In view of the Government's representation that it will "work with defense counsel in advance of trial to seek redactions that are mutually acceptable," Defendant's Motion to Sever Defendants is denied

---

[2]   Although codefendant Robert Warren also made statements incriminating Defendant, Warren pleaded guilty and is expected to testify at trial.  See United States v. Arias-Izquierdo, 449 F.3d 1168, 1185 (11th Cir. 2006) (no Confrontation Clause issue when codefendant is subject to cross-examination at trial).

without prejudice to Defendant's right to renew his motion if the parties are unable to agree on acceptable redactions.[3,4]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Darnell Crutcher's Motion to Sever Defendants [98] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 11th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant conclusorily states that he "further objects to a joint trial due to the dangers of transference of guilt and he requests that this Court use every safeguard to individualize each defendant in his relation to the mass." (Mot. to Sever at 3) (internal quotation marks and citations omitted). "[T]he general rule is that Defendants indicted together should be tried together, especially in conspiracy cases." United States v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009). Defendant fails to show that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," Zafiro v. United States, 506 U.S. 534, 539 (1993). See also Fed. R. Crim. P. 14 ("If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.").

[4] If the Government seeks to introduce Hubbard's statements at trial, the Court will give an appropriate limiting instruction, if necessary.